HawkiNS, J.,
delivered the opinion of the Court.
On the 15th of November, 1859, plaintiff in error, as Guardian of Penelope Smith, recovered a judgment before a Justice of the Peace for Rhea County, against D. A. Bacon and J. J. Bacon, for $41.65, and on the *254 same day, plaintiff in error, as Guardian of James Smith, recovered a judgment before the same Justice, and against the same parties, for $354.34.
Afterwards, J. J. Bacon, one of the defendants, filed a petition in the Circuit Court of said. County, and obtained writs of certiorari and supersedeas, to the end that certain executions, which had been issued upon said judgments, be brought into said Court and quashed. The writs were issued, and at the March Term, 1861, of said Court, upon motion of the plaintiff, said petition was, by judgment of the Court, dismissed.
Thereupon, the plaintiff moved the Court for a judgment against the petitioner, Josiah J. Bacon and Allen S. Bacon and Langston L. Bacon, his securities to the prosecution bond, for the amount of the judgments of the Justice of the Peace, and twelve-and-a-half per cent, interest per annum thereon, from the date of the same. The Court refused to pronounce the judgment asked for, and proceeded to award a proce-dendo to the Justice, and rendered up judgment against the petitioner and his securities, for costs only. From the action of the Court, in refusing the judgment asked for, the plaintiff has appealed to this Court.
Section 3157 of the Code, provides, that upon an affirmance of the judgment below, etc., or “upon dismissal of the certiorari for want of prosecution, or for any other cause, the Court shall enter up judgment for the amount recovered, against the principal and the sureties to the prosecution bond, with interest at the rate of twelve-and-one-half per cent, per annum, from the date of the judgment or decree below, and all costs.”
*255 Under the provisions of this section, it matters not for what purpose the certiorari is sued out. Upon its dismissal “for any cause, the Court shall enter up judgment against the principal and his sureties,” etc. The language of the Statute is imperative. The plaintiff was entitled to the judgment asked for, and the refusal to render the same, was error: 2 Head.
This Court will render such judgments as the Circuit Court ought to have rendered against the principal and his sureties to the prosecution bond. The plaintiff will also recover against the principal six per cent, per annum, on amount of said judgment, from date of judgment in the Circuit Court, up to. this time, and costs.